FILED

JAN 0 3 2007

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 05-30090 |
| Plaintiff, | |
| | ORDER AND OPINION |
| -vs- | |
| SOSAEOLEISAH C. REFERT, a/k/a SOSAEOLEISAH C. BLUESPRUCE, a/k/a LEISAH BLUESPRUCE, a/k/a LISA REFERT, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant was convicted of health care fraud and false claims on September 8, 2006. Defendant timely filed a motion for a judgment of acquittal on the basis of insufficiency of the evidence to establish that (1) the defendant acted "knowingly" or (2) the defendant was ineligible because she was not "regarded as an Indian." The defendant filed an alternative motion for a new trial on the basis of the defendant's alleged incompetence to assist in her defense. The alternative motions were denied.

On December 20, 2006, the defendant filed a "motion for dismissal or renewed motion for judgment of aquittal (sic) or for new trial." The basis of the motion is the defendant's claim that the evidence showed she first sought IHS services more than five (5) years before the indictment issued and thus the indictment should be dismissed because her "execution" of the scheme to defraud IHS occurred outside the applicable statute of limitations. Alternatively, defendant seeks limitation of the amount of restitution to the claims for services she made within the statute of limitations.

Rule 29(c) requires that a motion for judgment of acquittal be made or renewed within seven days after the jury is discharged. Rule 33 requires that a motion for a new trial must also be made within seven days after the jury is discharged. The motion is untimely.

"[I]nsufficiency of the indictment is not a jurisdictional issue." United States v. Cotton, 535 U.S. 625, 630-31, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002). Fed.R.Crim.P. 12(b)(3) requires that motions alleging a defect in instituting the prosecution or alleging a defect in the indictment must be made before trial. A motion to dismiss on the ground that a criminal action is barred by the statute of limitations is the type of motion that must be raised before trial. United States v. Dolan, 189 B.R. 484, 486 (D.Neb. 1995) (citing 8 James W. Moore, Moore's Federal Practice, ¶ 12.03[2] (2d ed. 1995)). Defendant has failed to timely allege that the prosecution was barred by the statute of limitations.

In any event, defendant's statute of limitations defense must fail. The United States Supreme Court has held that "statutes of limitations normally begin to run when the crime is complete." United States v. Toussie, 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970). The Supreme Court has recognized an exception to the general rule for "continuing offenses." Id. The doctrine of continuing offenses should only be applied in the limited circumstances where "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." Id.

Count One of the indictment charges that, on or about November, 1998, through and including October, 2003, defendant executed a scheme, by means of false and fraudulent pretenses, to obtain money from IHS in connection with the delivery and payment of health care benefits in violation of 18 U.S.C. § 1347. Defendant argues that the crime was complete in 1998 when she first presented herself to IHS and represented that she was a Native American entitled to IHS benefits. The government argues that the crime was a continuing crime and that each time she presented herself for services she falsely represented her eligibility.

Defendant relies upon the holding in United States v. Hickman, 331 F.3d 439, 446 (5th Cir. 2003), that § 1347 "punishes executions or attempted executions of schemes to defraud, and not simply acts in furtherance of the scheme." Defendant contends then that the crime was complete in 1998 when she first executed her scheme, which date was outside the period of limitations. However, Hickman goes on to state that "although the crime of health care fraud is complete upon the execution of a scheme, any scheme can be executed a number of times, and

2

each execution may be charged in a separate count." Id. See also, United States v. Cooper, 283 F.Supp.2d 1215, 1231 (D.Kan. 2003) ("a defendant may be charged for each execution of the scheme to defraud, and the statute of limitations does not commence until the offense is complete, that is, when the fraudulently obtained proceeds were transferred"). In an unusual display of restraint, the prosecutor charged the defendant with only one count of health care fraud, despite her continuing course of conduct over five years in obtaining health care benefits from IHS on many different occasions. Defendant's contention that her initial activities in 1998 were outside the statue of limitations does not entitle her to dismissal of the indictment. The evidence was sufficient that she continued to make oral representations that she had documentation to show that she was entitled to IHS benefits and she continued to present herself to IHS facilities for medical care, such actions implying that she was eligible for services. These activities occurred within five years of the filing of the indictment on August 17, 2005.

"The health care fraud statute is modeled after the bank fraud statute, 18 U.S.C. § 1344, and the bank fraud statute was modeled after the federal mail and wire fraud statutes," §§ 1341 and 1343. United States v. Cooper, 283 F.Supp.2d at 1231. Accord United States v. Hickman, 331 F.3d at 445. The Ninth Circuit has held that the bank fraud statute "punishes the execution of a scheme to defraud or obtain money – language that suggests the violation should be treated as continuing." United States v. Nash, 115 F.3d 1431, 1441 (9th Cir. 1997). This holding is consistent with United States v. Toussie, supra, which held that the doctrine of continuing offenses should be applied where "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." The nature of the defendant's crime of health care fraud is that the defendant presented herself at an IHS facility, representing that she was eligible for health care services and then continued to present herself for health care services thereafter. The crime of health care fraud, as committed by the defendant, was a continuing crime.

Counts Two through Five of the indictment charge false claims in violation of 18 U.S.C. § 287. The basis for those charges were four separate presentments for services at an IHS facility, all within the five year statute of limitations. As set forth above, each act of presenting herself for health care services to an IHS facility, representing that she is entitled to such

3

services, constitutes a separate crime. It matters not whether the first false claim occurred outside the statute of limitations.

Defendant contends alternatively that she should not be required to pay restitution for medical service claims which occurred outside the statute of limitations. The finding that health care fraud is a continuing offense in this case would normally result in the Court rejecting that claim. However, in an abundance of caution and in the light most favorable to the defendant, the Court will limit restitution to services rendered on or after August 17, 2000.

Now, therefore,

IT IS ORDERED that the defendant's motion, Doc. 86, for dismissal is denied.

Dated this 3rd day of January, 2007.

BY THE COURT:

_____
Charles B. Kornmann
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk

BY: _____
                         DEPUTY
(Seal)

4